# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR409-431 |
| ) | |
| ERIC LAVONNE SMALLS ) | |

## REPORT AND RECOMMENNDATION

In this gun and drugs possession case, defendant Eric Lavonne Smalls moves to suppress evidence obtained as a result of a traffic stop of his vehicle. Doc. 17. He contends that when Savannah-Chatham Metropolitan Police Officer John McNamara pulled him over on July 18, 2009, there was no probable cause to believe he had violated Georgia's vehicle-noise statute, O.C.G.A. § 40-6-14(a),[1] so all the fruits of that stop

---

[1] That statutory provision says, in its entirety:

(a) It is unlawful for any person operating or occupying a motor vehicle on a street or highway to operate or amplify the sound produced by a radio, tape player, or other mechanical sound-making device or instrument from within the motor vehicle so that the sound is *plainly audible* at a distance of *100 feet* or more from the motor vehicle.

O.C.G.A. § 40-6-14(a) (emphasis added). "'Plainly audible' shall mean any sound produced by a sound amplification system from within a motor vehicle which can be heard from a distance of 100 feet or more, ... [as measured] by the auditory senses, based on direct line of sight, from a distance of 100 or more feet from the vehicle."

-- a gun and marijuana -- must be suppressed. *Id.* at 1-3. At this Court's evidentiary hearing, McNamara testified that Smalls's car stereo "was thumping" his parked police vehicle from "about a block" away. Even though he observed no moving violations, McNamara believed that the "thumping" provided him with probable cause to pull Smalls over. Smalls does not contest the ensuing search and arrest for a gun and marijuana, only whether McNamara had probable cause. *Id.* at 1-3.

The facts and reasoning of *Brown v. State*, 302 Ga. App. 272 (2010), which applied state law grounded in federal law, provide useful perspective here. There a sheriff's deputy

> was sitting in his parked patrol car on a residential road. Before he saw Brown's car coming down the road, he heard it. He heard music emanating from the car when it was about three quarters of a mile away. The deputy stopped Brown for violating the sound volume limits for devices within a motor vehicle. As the deputy was telling Brown why he stopped him, he smelled the odor of an alcoholic beverage coming from Brown's person and noticed that Brown's eyes were blood-shot and glassy. He asked Brown to step out of the car, and Brown "rolled" out of the car with some difficulty. After he had gotten out of the car, Brown was "uneasy about himself," stumbled, and almost fell. The deputy patted Brown's clothing for weapons and discovered a bag of marijuana in his pants pocket.

---

*Jackson v. State*, 297 Ga. App. 615, 617 (2009) (citing Ga. Comp. R. & Regs. rr. 570-29-.02(1), 570- 29-.03(a) (2009)); *see also United States v. Cullars*, 2007 WL 41953 at * 3 (S.D. Ga. Jan 3, 2007).

302 Ga. App. at 272. The deputy arrested Brown for possession of marijuana and driving under the influence. *Id.* Appealing his subsequent convictions for DUI, marijuana possession, and for violating § 40-6-14(a), Brown contended that the trial court erred in denying his motion to suppress his blood-alcohol test results because the deputy lacked probable cause to arrest him -- "the deputy observed no moving violations, failed to conduct field sobriety tests, and failed to ask whether Brown had been drinking that night." *Id.* at 273. The *Brown* court rejected that argument: "It is undisputed that the deputy properly stopped Brown for violating the sound volume limits for devices within motor vehicles. It is immaterial that the deputy witnessed no moving violation or an unsafe act prior to the traffic stop." *Id.*[2] Hence, the noise violation was enough. *Id.*

Similarly, here, McNamara was parked with his partner on a Savannah, Georgia street when he heard and *felt* Small's "thumping" stereo music while Smalls headed toward him "from a block away." The

---

[2] *See also Jackson v. State*, 297 Ga. App. 615, 616-17 (2009) (police officer had a reasonable suspicion that defendant was violating § 40-6-14(a), so as to justify an investigatory stop; officer heard music coming from either a convenience store or gas station, both of which were over 100 feet away, and officer, as he kept driving, determined that the music was emanating from a car parked at the convenience store).

officers thus followed and ultimately pulled Smalls over, citing him for violating § 40-6-14(a) and a parallel county ordinance. Again, Smalls does not contest what transpired thereafter (discovery of his suspended license, marijuana, ammo and gun, then his arrest). Instead, he insists that McMamara had no probable cause because, he attests, "I was not playing my radio." Doc. 17-1 at 2 ¶ 4. At the evidentiary hearing his lawyer also cited the lack of a moving violation, plus the government's failure to meet § 40-6-14(a)'s "100 feet or more" requirement.

Smalls declined to take the stand to tell his side of the story, instead resting upon his suppression motion affidavit.[3] McNamara's testimony -- that defendant's stereo was on and, indeed was "thumping" -- was not even challenged on cross-examination. Based upon the lack of contrary evidence, the Court disbelieves Smalls and credits McNamara.

Furthermore, the lack of a moving violation is of no moment; even

---

[3] "A defendant who wishes to dispute evidence offered by the government at a suppression hearing may not hope to avoid the cleansing fire of cross-examination by the simple expedient of tendering his testimony in the form of an affidavit." *United States v. Terry*, 2007 WL 496630 at *4 (S.D. Ga. Feb. 12, 2007), *aff'd*, 258 F. App'x 304 (11th Cir. 2007). Smalls's affidavit served the function of establishing his *entitlement* to an evidentiary hearing on his suppression motion. *See* L.Cr.R. 12.1. That affidavit -- which was not subject to cross-examination -- did not qualify as *evidence* at that hearing.

4

the most trivial safety violation furnishes grounds for a traffic stop. *See, e.g., Draper v. Reynolds*, 369 F.3d 1270, 1275-76 (11th Cir. 2004) (deputy sheriff had probable cause to stop motorist's truck because tag light on truck was not adequately illuminated as required by Georgia law; furthermore, probable cause was sufficient to permit deputy to arrest motorist for that violation); *United States v. Stevenson*, 2010 WL 2593528 at * 2 (S.D. Ga. Jun. 4, 2010).

Smalls's counsel also pointed out that McNamara failed to memorialize in his police report the *distance* between the two cars and reminded that the "statute doesn't speak in blocks," but feet. Both of those assertions are correct. But a mistake of fact (i.e., that Smalls's vehicle may not have actually been more than 100 feet away from McNamara's) is a defense at *trial*, not something that derails a probable cause finding. *See, e.g., United States v. Chanthasouxat*, 342 F.3d 1271, 1276 (11th Cir. 2003) ("A traffic stop based on an officer's incorrect but reasonable assessment of facts does not violate the Fourth Amendment.").[4] What is relevant here is only whether a reasonable

---

[4] As the Eleventh Circuit later said:

5

officer would have had probable cause under these circumstances. Here the government showed that McNamara had probable cause to stop and cite Smalls for violating O.C.G.A. § 40-6-14(a). It is not dispositive that McNamara failed to supply greater specificity in his police report. Once the officer heard the vehicle's radio thumping from a block away, he was not required to measure the precise distance between his patrol car and Smalls's oncoming vehicle before effecting a traffic stop. The officer had

---

> "[T]he constitutional 'reasonableness' of a traffic stop is determined irrespective of 'intent,' either of the individual officer involved or any theoretical 'reasonable officer'.... The only question is whether the suspect's behavior gave rise to probable cause sufficient to justify the seizure." *Riley v. City of Montgomery, Ala.*, 104 F.3d 1247, 1252 (11th Cir.1997) (citing *Whren v. United States*, 517 U.S. 806, 811-18, 116 S.Ct. 1769, 1773-76, 135 L.Ed.2d 89 (1996)). "[A] traffic stop is a constitutional detention if it is justified by ... probable cause to believe a traffic violation has occurred." *United States v. Chanthasouxat*, 342 F.3d 1271, 1275 (11th Cir. 2003). "A traffic stop based on an officer's incorrect but reasonable assessment of facts does not violate the Fourth Amendment." *Id.* at 1276. "Thus, if an officer makes a traffic stop based on a mistake of fact, the only question is whether his mistake of fact was reasonable," and great deference is given to the judgment of the officer. *Id.* However, "a mistake of law cannot provide reasonable suspicion or probable cause to justify a traffic stop." *Id.* at 1279.

*United States v. Garcia*, 284 F. App'x 791, 793 (11th Cir. 2008); *see also id.* at 792-93 (no plain error in finding that probable cause existed to support traffic stop of defendant's vehicle; at time he decided to stop the truck, the officer knew that state law prohibited excessively tinted windows, officer could not see inside the vehicle, and the officer could not see the driver, which amounted to a violation of operating a motor vehicle with window tinting that exceeded the allowable limits); *United States v. McCalla*, 286 F. App'x 610, 612 n. 3 (11th Cir. 2008).

probable cause to believe that Smalls was playing his vehicle's sound system in violation of O.C.G.A. § 40-6-14(a), and that level of suspicion warranted a traffic stop of Smalls's vehicle.

Accordingly, defendant Eric Lavonne Smalls's motion to suppress (doc. 17) should be **DENIED.**

**SO REPORTED AND RECOMMENDED** this  18th  day of November, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA